# Anna E. Balz and Jacob F. Wolfer *v.* George Kircher, Appellant.

*Legacies—Payment—Lien.*

Where a will expressly charges legacies upon property "until paid," the legacies necessarily remain a lien until actual payment has been made. If under an issue framed by the orphans' court a jury finds that the legacies have never been paid, any presumption of payment arising from lapse of time will thereby be rebutted.

Argued May 15, 1899. Appeal, No. 322, Jan. T., 1898, by defendant, from decree of O. C. Lancaster Co., May T., 1898, No. 50, dismissing petition to pay legacies. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Feigned issue to determine whether certain legacies given to plaintiffs and charged in real estate in possession of defendant have been paid.

Rule to show cause why plaintiffs' legacies should not be paid.

Dorothea Wolfer, now deceased, took the property at the southwest corner of East King and Lime streets under the will of Jacob Wolfer, deceased, in which property plaintiffs' legacies were made a charge by the same will. The defendant is the surviving husband of the said Dorothea Wolfer, and holds possession of said property as tenant by the courtesy.

Other facts appear by the opinion of LIVINGSTON, P. J., which was as follows :

In the matter of the estate of Jacob Wolfer, late of the city of Lancaster, deceased.

On September 26, 1896, a petition by Anna E. Balz and Jacob F. Wolfer, only children of Jacob Wolfer, deceased, was presented to the court, asking that a decree be made for the payment of legacies charged on certain real estate, late of Jacob Wolfer (their father), deceased, payable to them when they severally attained the age of twenty-one years. The amount to be paid to each was $2,000 ; said sum to be a lien on his tavern property at the southwest corner of East King and Lime streets, in the city of Lancaster, until paid, etc. On October 3, 1876, an answer of George P. Kircher was filed to this petition. On November 11, 1896, a replication was filed, in which the petitioners joined issue with respondent in the matters alleged in his answer. An amendment to the answer of George Kircher was filed by permission of court, May 21, 1898. Depositions were taken and filed December 19, 1896. Depositions were also taken May 13, 1897, "to satisfy the court whether the legacies were paid or not." On May 12, 1898, an issue was directed by the court of common pleas of Lancaster county, under the petition presented by Jacob F. Wolfer and Anna E. Balz to the orphans' court of Lancaster county, on September 16,

1896, to ascertain whether the legacies of $2,000 each, to said Jacob F. Wolfer and Anna E. Balz, and given by the will of Jacob Wolfer, and charged on the premises at the corner of East King and Lime streets, in the city of Lancaster, have been paid, with the interest thereon, to the said Jacob F. Wolfer and Anna E. Balz, by Dorothea Kircher. This issue was entered of May term, 1898, No. 50, and by the court ordered to be placed at the head of the trial list for May 30, 1898. On May 30, 1898, a jury was called and trial proceeded, during which counsel for George Kircher, on leave granted, filed the plea of the bar of the statute of limitations; and after quite a lengthy trial the case was fully presented to the jury, and on May 31, 1898, the jury returned a verdict in favor of the plaintiffs and against the defendant. On June 6, 1898, on motion of counsel for defendant, and reasons filed, the court granted a rule to show cause why a new trial should not be granted. And on June 13, 1898, additional reasons were filed. At the June term of the argument court both rules were argued together, and will both be disposed of together.

With reference to the rule for new trial: The question of a new trial was not very forcibly pressed by the counsel on the argument. We have carefully examined the proceedings at the trial, and are unable to find any fault with them. The admission of the testimony admitted appears to have been correct. The charge of the learned judge was full, very fair, and quite as favorable to defendant as he could reasonably expect. In the reasons for new trial, the defense again present the plea of the statute of limitations; say plaintiffs' claims are barred by it, and there is no testimony to overcome said bar, and the jury erred in not returning a verdict for defendant. The plea of the statute of limitations has no status in this proceeding, and the case of Etter v. Greenawalt, 98 Pa. 422, upon which the defense relied on the trial was an effort or action to enforce a personal claim, and not such as the claim here,—a charge on land,—a charge on land, to remain until paid. The Court say: "By acceptance, Henry Greenawalt undertook to pay the legacies, which undertaking, or assumpsit, arose from the general implication, and intendment of the courts of jurisdiction, that every man hath engaged to perform what his duty, or justice requires:" Miltenberger v. Schlegel, 7 Pa. 241. The

foundation of the action is the acceptance of the devise and the implied promise which arises thereupon. It is, therefore, an action of debt, grounded on a contract, without specialty. But the contract is an implied one, and it is said that the statute of limitation is not a bar to an action of debt on an implied contract. The court referred in that case to Wilson v. Towle, 19 N. H. 244, also, and said: "I have not the case but no doubt the statute is not applicable where a legacy is charged on land." In Wilson v. Towle, 19 N. H. 244, it is said that an action of debt against a devisee of land to recover money charged thereon is not an action grounded on any lending or contract, not under seal, within the meaning of the act of June 30, 1825, for the limitation of actions, etc. It has likewise been held that an action of debt for a legacy is not barred by the lapse of six years, not being within the statute: Com. Dig. Temp. 15. And in Sanborn v. Sanborn, decided at Rockingham, N. H., July T., 1845, a demurrer in an action of debt for money charged upon land by a will, it was held, upon demurrer to a plea of the statute of limitations, that the case did not fall within the statute, and the demurrer prevailed. "The plea of the statute of limitations to an ordinary action of legacy, has never been known, it has long been a settled principle that the statute does not apply to such a case:" 13 Am. & Eng. Ency. of Law, p. 686, note "Legacies," referring to Norris's Appeal, 71 Pa. 106, and other Pennsylvania cases.

As we pass this plea of "Statute of Limitations," we are met by "Presumption of Payment" by lapse of time. One of the legatees was more than twenty years above the age of twenty-one years, the other less than twenty years above the age of twenty-one years when these proceedings were commenced. This presumption is unlike the statute of limitations, in this, that it may be rebutted by proper testimony. On the trial the jury were told that "so far as Anna E. Balz is concerned, she never made any demand for over twenty years,— twenty-two years and more. The presumption of law would be that it was paid by lapse of time;" that, "that rule of law, of course would not apply to Jacob Wolfer, because he became of age later, as he is much younger than his sister, and since he became of age, a period of seventeen years has elapsed." A period of twenty years had not elapsed in his case, which

period raises the presumption that a debt is paid, where there has been no interest paid on it, or no demand made during that time. The jury were told that the presumption of payment might be rebutted, and they were carefully referred to the testimony concerning it. There is no complaint that the verdict is not in accord with the testimony, or that it is against the weight of the evidence.

As to the alleged after-discovered evidence, as to Jacob Wolfer's statement, the deed to Jacob Wolfer must govern, and his mother in the deed she made to him asserts that the grant was an advancement; and at that time he was a minor, and no conveyance to a minor can be in satisfaction of a debt to him. While it is true that a legacy of equal amount to a debt is generally considered a satisfaction of the debt, it is also true that this is not the law where the gift is of a different nature, as of a bond or a tract of real estate : Homer v. McGaughey, 62 Pa. 192.

Any conveyance from a parent to a child, or procured by the parent for the child, is presumed to be an advancement : Kern v. Howell, 180 Pa. 315; Yeakel v. McAtee, 156 Pa. 609.

Being of opinion that the case was fairly, carefully and impartially tried, we discharge the rule to show cause why a new rule should not be granted.

As to the rule to show cause why the petition should not be dismissed, the verdict of the jury having established the fact that the legacies of $2,000 each, bequeathed by Jacob Wolfer to these two children of Jacob Wolfer, charged by his will, as a lien on his tavern property at the southwest corner of East King and Lime streets in the city of Lancaster, until paid, as stated in the will, have not been paid. These legacies arise in, and are payable out of, the estate of Joseph Wolfer, deceased, and not out of the estate of their mother, Dorothea Kircher. The question of merger is raised by the several answers filed by defendant. And while the authority of Reigle v. Seiger, 2 P. & W. 340, is not questioned, the law in Pennsylvania is that, in even similar cases, merger is a question of intention; and in Bryar's Appeal, 111 Pa. 91, it was held that merger is a pure question of intention, and that the owner of land might purchase an outstanding incumbrance, and sell upon it, his own property, for the purpose of defeating a conflicting

title.   When a person becomes entitled to an estate, subject to a charge for his own benefit, he may take the estate and keep up the charge.   The question in such case is upon the intention, actual or presumed, of the persons in whom the estates are united.

The defendant, in his answers, also alleges that, as surviving husband of Dorothea Kircher, he is entitled to his rights as tenant by the courtesy, she being at the time of her decease the owner in fee of this hotel property.   And this does not appear to be disputed, provided these charges on the land are paid.   He would not be entitled to hold and use the real estate as tenant by the courtesy until the liens and charges against it are satisfied. The jury having found by the verdict that those legacies made a lien or charge on this particular property, have not been paid, disposed of any question concerning the Walnut street houses, spoken of, in the present proceeding.   And, as under the provisions of the will of Jacob Wolfer those legacies were not to be paid until his children each arrived at the age of twenty-one years, they would only be entitled to interest from the time each became entitled to receive the principal.   If the property had been sold, and these legacies charged thereon, the widow, their mother, would have been entitled to the interest thereon during their minority as stated in the will.

Upon a review of the whole proceedings, we find no sufficient cause, or legal reason to require the court to dismiss the petition of Jacob F. Wolfer and Anna E. Balz, and therefore, discharge the rule.

*Error assigned* was the decree of the court.

*B. F. Davis* and *William R. Wilson*, for, appellant, cited Greenawalt v. Etter & Snyder, 98 Pa. 422; Yorks's App., 110 Pa. 69; Keyser's App., 124 Pa. 80; Wilson v. Towle, 19 N. H. 244; Gilkeson v. Snyder, 8 W. & S. 200; Moore v. Harrisburg Bank, 8 Watts, 138; Updegrove v. Updegrove, 1 Pa. 136; Shelly v. Shelly, 8 W. & S. 153.

*Brown & Hensel*, for appellees, were not heard.

PER CURIAM, May 24, 1899:

The jury found by their verdict that the legacies had never

been paid, and this rebutted any presumption of payment arising from lapse of time. As the will expressly charged the legacies upon the property in question "until paid," they necessarily remain a lien until actual payment has been made. We discover no error in the record and the assignments of error are all dismissed.

Decree affirmed and appeal dismissed at the cost of the appellant.